Richard J. Cino, Esq. (Bar ID 035121990)
Nicholas A. Plinio, Esq. (Bar ID 278552019)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5200
ATTORNEYS FOR DEFENDANT CARVANA, LLC

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD MEACHUM,<br><br>               Plaintiff,<br><br>v.<br><br>CARVANA MOTOR CORPORATION;<br>CARVANA LLC and JOHN DOES 1-5<br>AND 6-10,<br><br>               Defendants. | Hon. _____, U.S.D.J.<br><br>Civil Action No. \_\_ - _____ (\_\_\_/\_\_\_)<br><br>**NOTICE AND PETITION FOR REMOVAL OF CASE FROM THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, BURLINGTON COUNTY** |

TO:    William T. Walsh, Clerk of Court
        United States District Court for the District of New Jersey
        Mitchell H. Cohen Building & U.S. Courthouse
        4th & Cooper Streets, Room 1050
        Camden, NJ 08101

        Kevin M. Costello, Esq.
        Miriam S. Edelstein, Esq.
        Costello & Mains, LLC
        18000 Horizon Way, Suite 800
        Mount Laurel, NJ 08054
        Attorneys for Plaintiff

        Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Carvana, LLC

("Carvana" or "Defendant"), respectfully submits this Notice and Petition for Removal of a case

from the Superior Court of New Jersey, Law Division, Burlington County, bearing Docket No.

BUR-L-1912-20, and as grounds for removal, states as follows:

1.     Plaintiff, Edward Meachum ("Plaintiff"), has brought a civil action against Carvana and Defendant Carvana Motor Corporation ("Defendant CMC") in the Superior Court of New Jersey, Law Division, Burlington County, captioned <u>Edward Meachum v. Carvana Motor Corporation, et al.</u>, Docket No. BUR-L-1912-20.  This action was commenced by the filing of a Summons and Complaint on October 9, 2020, a copy of which is attached hereto as <u>Exhibit A</u>.

2.     Carvana acknowledged service of Plaintiff's Summons and Complaint on October 16, 2020.

3.     To date, Plaintiff has not filed on the New Jersey Judiciary electronic filing system any service of process papers as it relates to Defendant CMC.  On November 9, 2020, the undersigned sent correspondence to Plaintiff's counsel inquiring as to whether Defendant CMC had been served.  Plaintiff's counsel has not responded to date.

4.     In addition to not being served in this matter, Defendant CMC is not, and never has been, affiliated or associated with Carvana in any way.  (<u>See</u> Certification of Christopher Olson, a copy of which is attached hereto as <u>Exhibit B</u>; Carvana Motor Corporation Corporate Status Report and Business Report, a copy of which is attached hereto as <u>Exhibit C</u>).  In fact, Defendant CMC is dissolved.  (<u>See</u> <u>Exhibit C</u>).

5.     With respect to Plaintiff, Carvana employed Plaintiff at its Delanco, New Jersey location.  Carvana has no relationship with the separate and independent entity Defendant CMC, apparently located in Hasbrouck Heights, New Jersey.  (<u>See</u> <u>Exhibit B</u>).  Accordingly, Defendant CMC is an improper party to this employment action and thus, must be disregarded for purposes of this removal petition because Defendant CMC has not been properly joined or served.  <u>See</u> 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been <u>properly joined and served</u> must join in or consent to the removal of

the action.") (emphasis added); see also Brown v. JEVIC, 575 F.3d 322, 327 (3d Cir. 2009) ("[i]n the typical case, where all defendants must consent to removal, a defendant who has not been served need not consent to removal").

6.      No proceedings have taken place in the state court action.  Neither Carvana, nor Defendant CMC have served an answer or responsive pleading to Plaintiff's Complaint or made any appearance or argument before the Superior Court of New Jersey.

7.      This Notice of Removal is timely filed within the provisions of 28 U.S.C. §1446(b).  Carvana effected removal within thirty (30) days of receipt of a paper from which it could first be ascertained that this action is removable.  See 28 U.S.C. § 1446.

8.      This action is removable to this Court on the basis of federal question jurisdiction pursuant to Sections 1331 and 1441(a) of Title 28 of the United States Code.

9.      28 U.S.C. §1331 states, in pertinent part:

> The district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treatises of the United States.

10.     28 U.S.C. §1441(a) provides the basis for removal jurisdiction of this action based upon federal question.  28 U.S.C. §1441(a) states, in pertinent part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

11.     In the fourth cause of action in Plaintiff's Complaint, Plaintiff alleges interference with his rights under the Family Medical Leave Act, 29 U.S.C. §2601, et seq. ("FMLA").

12.      In the fifth cause of action in Plaintiff's Complaint, Plaintiff alleges retaliation in violation of the FMLA.

13.      Specifically, Plaintiff claims he faced adverse employment action because he took medical leave protected under the FMLA.  Thus, Plaintiff's causes of action for FMLA interference and retaliation arise under the FMLA because resolution of these causes of action requires the court to interpret one or more provisions of the FMLA.

14.      As one or more of Plaintiff's claims arises under federal law, this Court has original jurisdiction pursuant to 28 U.S.C. §1331.  Accordingly, this action is removable under 28 U.S.C. §1441(a).

15.      This Court has supplemental jurisdiction over Plaintiff's additional causes of action under 28 U.S.C. §1367 and 28 U.S.C. §1441(c).

16.      Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1441(a).

17.      Defendant files this Notice and Petition for Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

18.      Pursuant to 28 U.S.C. §1446(d), Defendant has given written notice of the removal of this action to all adverse parties, and has filed a copy of this notice with the Clerk of the Superior Court of New Jersey, Law Division, Burlington County.

WHEREFORE, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Burlington County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5200

By:     /s/ Richard J. Cino
        Richard J. Cino
        Nicholas A. Plinio
        Attorneys for Defendant Carvana, LLC

Dated:  November 13, 2020

499421
4822-7098-2098, v. 1

# EXHIBIT A

**COSTELLO & MAINS, LLC**
By: Miriam S. Edelstein
Attorney I.D. No. 037612006
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| EDWARD MEACHUM<br><br>Plaintiff,<br><br>vs.<br><br>CARVANA MOTOR CORP.; CARVANA LLC and JOHN DOES 1-5 AND 6-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY - LAW DIV.<br><br>CIVIL ACTION<br><br>DOCKET NO: BUR-L-1912-20<br><br>**SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

                                                          /s/   Michelle M. Smith
                                                          Clerk of the Superior Court

DATED: October 16, 2020

**Name of Defendant to be Served:**          **Carvana, LLC**
**Address of Defendant to be Served:**       **c/o Registered Agent:**
                                             **Corporation Service Company**
                                             **Princeton South Corporate Center**
                                             **100 Charles Ewing Blvd., Suite 160**
                                             **Ewing, NJ 08628**

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Courthouse, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn:  Intake
First Fl. Court House
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvedere, NJ 07823

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| EDWARD MEACHUM, | : SUPERIOR COURT OF NEW JERSEY |
| | : BURLINGTON COUNTY - LAW DIV. |
| Plaintiff, | : |
| | : CIVIL ACTION |
| vs. | : |
| | : |
| CARVANA MOTOR CORP.; CARVANA | : DOCKET NO: |
| LLC and JOHN DOES 1-5 AND 6-10, | : |
| | : |
| Defendants. | : **COMPLAINT AND JURY DEMAND** |

Plaintiff, Edward Meachum, residing in Lumberton, New Jersey, by way of Complaint against the defendants, says:

**Preliminary Statement**

This matter is opened to the Court under the New Jersey Law Against Discrimination ("LAD") alleging disability and/or perception of disability discrimination, as well as retaliation. Claim is also brought under the Family and Medical Leave Act ("FMLA") alleging interference with the rights guaranteed under that statute and retaliation after plaintiff exercised such rights.

**Identification of Parties**

1.      Plaintiff Edward Meachum is, at all relevant times herein, a resident of the State of New Jersey and a former employee of the defendants.

2.      Defendant Carvana Motor Corp. is New Jersey corporation located at 101 Industrial Avenue, Hasbrouck Heights, New Jersey, and the former employer of the plaintiff.

1

3.      Defendant Carvana LLC is a limited liability company conducting business at 600 Creek Road, Delanco, New Jersey, and the former employer of the plaintiff.

4.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

## General Allegations

5.      Plaintiff was employed by defendants as a driver from on or about September 17, 2018 until his unlawful discharge on or about April 30, 2020.

6.      At all times, plaintiff performed up to the reasonable expectations of his employer.

7.      On or about October 28, 2019, plaintiff's truck caught on fire and became engulfed in flames.

8.       Plaintiff had nightmares and trouble sleeping after this incident and often felt unsafe while driving, so he sought medical treatment.

9.      On February 4, 2020, plaintiff took off from work for a medical appointment and was diagnosed with Post Traumatic Stress Disorder.

10.     Plaintiff was thereby disabled within the meaning of that term under the LAD.

11.     In addition and/or in the alternative, defendants perceived plaintiff as disabled.

12.     Plaintiff's doctor recommended that he apply for intermittent FMLA so that he could use leave when needed to for lack of sleep.

13.     Defendants approved plaintiff's FMLA application on or about February 12, 2020.

14.     Plaintiff called out using FMLA leave on February 13, 2020.

2

15.    Nevertheless, defendants gave plaintiff points for calling out on February 13, 2020 and February 4, 2020, the date of his initial medical appointment.

16.    Plaintiff then learned that he had to notify defendants' insurance carrier when he intended to use FMLA leave.

15.    From that point on, plaintiff always notified defendants' insurance carrier when he took intermittent FMLA leave.

16.    On or around March 19, 2020, plaintiff became ill.

17.    Plaintiff advised defendants that he was ill and received approval to take separate FMLA leave from March 19, 2020 until April 6, 2020.

18.    On April 27, 2020, plaintiff used FMLA leave to call out from his shift and notified defendants' insurance carrier that he was taking FMLA leave that day.

19.    Nevertheless, defendants gave plaintiff points for his absence on April 27, 2020.

20.    Plaintiff was terminated on April 30, 2020 for having too many points.

21.    Plaintiff had called out of work five times between June 2019 and April 27, 2020.

22.    Three of his five call-outs were FMLA protected leave.

23.    Nevertheless, he was given points for each of those absences, leading to his termination.

24.    Plaintiff had worked in excess of 1,250 hours in the preceding year and defendant employed in excess of 50 employees within 75 miles of plaintiff's work location.

25.    As such, plaintiff was an eligible employee and defendant was a covered entity under the FMLA.

26.     A determinative and/or motivating factor in plaintiff's discharge was plaintiff's disability.

27.     In addition and/or in the alternative, a determinative and/or motivating factor in plaintiff's discharge was defendant's perceptions held regarding plaintiff as disabled.

28.     In addition and/or in the further alternative, a determinative and/or motivating factor in plaintiff's discharge was an intention to interfere with plaintiff's rights under the FMLA.

29.     In addition and/or in the further alternative, a determinative and/or motivating factor in plaintiff's discharge was defendants' intention to retaliate against plaintiff for exercising his rights under the FMLA.

30.     As a result of the actions of defendants, plaintiff has been forced to suffer economic and emotional harms.

31.     Because the acts of defendants were purposeful, egregious and intentional, and because members of upper management participated in and/or were willfully indifferent to the same, punitive damages are warranted.

## COUNT I

### Disability Discrimination Under the LAD

32.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 31, as though fully set forth herein.

33.     For the reasons set forth above, plaintiff was subjected to discrimination on the basis of his disability such that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT II

### Perception of Disability Discrimination Under the LAD

34.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 33, as though fully set forth herein.

35.     For the reasons set forth above, plaintiff was subjected to discrimination on the basis of perceptions held regarding disability such that defendants are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT III

### LAD Retaliation

36.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 35, as though fully set forth herein.

37.     For the reasons set forth above, defendants have retaliated against plaintiff such that they are liable under the LAD.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT IV

### FMLA Interference

38.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 37, as though fully set forth herein.

39.     For the reasons set forth above, defendants have interfered with plaintiff's rights under the FMLA such that they are liable.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, liquidated damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT V

### FMLA Retaliation

40.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 39, as though fully set forth herein.

41.     For the reasons set forth above, the defendants have retaliated against plaintiff in violation of the FMLA such that they are liable.

6

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with economic damages, non-economic compensatory damages, liquidated damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

**COUNT VI**

**Request for Equitable Relief**

42.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 42 as though fully set forth herein.

43.     Plaintiff requests the following equitable remedies and relief in this matter.

44.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

45.     Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

46.     To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

47.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

48.     Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

7

49.     Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

50.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

**By: /s/Kevin M. Costello**
**Kevin M. Costello**

Dated: October 9, 2020

8

# EXHIBIT B

Richard J. Cino, Esq. (Bar ID 035121990)
Nicholas A. Plinio, Esq. (Bar ID 278552019)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5200
ATTORNEYS FOR DEFENDANT CARVANA, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| EDWARD MEACHUM, | : | |
| | : | |
| Plaintiff, | : | Hon. _____, U.S.D.J. |
| | : | |
| v. | : | Civil Action No. __ - _____ (___/___) |
| | : | |
| CARVANA MOTOR CORPORATION; | : | **CERTIFICATION OF CHRISTOPHER** |
| CARVANA LLC and JOHN DOES 1-5 | : | **OLSON** |
| AND 6-10, | : | |
| | : | |
| Defendants. | : | |

I, Christopher Olson, of full age, hereby certify:

1.      I am Associate General Counsel, Litigation & Regulatory Affairs to Carvana, LLC.  I am fully familiar with the facts set forth herein as well as the overall corporate structure and operations of Carvana, LLC.

2.      At the time of the filing and service of the Complaint, through and including the date of this Certification, Carvana, LLC was and is incorporated in the State of Arizona with its headquarters located at 1930 W. Rio Salado Pkwy, Tempe, Arizona 85281.

3.      To the best of my knowledge, Carvana Motor Corporation is not in any way related or affiliated with Carvana, LLC.

4.      During the period of time relevant to allegations asserted in Plaintiff's Complaint, Plaintiff was employed by Carvana, LLC at its Delanco, New Jersey location.

5.      To the best of my knowledge, at no point during the relevant period of time

was Plaintiff an employee of Carvana Motor Corporation.

        I declare under penalty of perjury that the foregoing statements made by me are true and correct.

Dated:  November __11__, 2020          _____
                                                    Christopher Olson

4822-3054-9457, v. 2

2

# EXHIBIT C

```
Status Report For:      CARVANA MOTOR CORP
Report Date:            11/9/2020
Confirmation Number:    203142152068
```

## IDENTIFICATION NUMBER, ENTITY TYPE AND STATUS INFORMATION

```
Business ID Number:     0450114775
Business Type:          DOMESTIC PROFIT CORPORATION
Status:                 DISSOLVED WITHOUT ASSETS
Original Filing Date:   10/25/2016
Stock Amount:           100
Home Jurisdiction:      NJ
Status Change Date:     10-14-2019
```

## REVOCATION/SUSPENSION INFORMATION

```
DOR Suspension Start    N/A
Date:
DOR Suspension End      N/A
Date:
Tax Suspension Start    N/A
Date:
Tax Suspension End      N/A
Date:
```

## ANNUAL REPORT INFORMATION

```
Annual Report Month:    OCTOBER
Last Annual Report      04/23/2019
Filed:
Year:                   2018
```

## AGENT/SERVICE OF PROCESS (SOP) INFORMATION

```
Agent:                  ALEXANDRA MAYDELMAN
Agent/SOP Address:      300 WINSTON DR 1605 ,CLIFFSIDE PARK,NJ,07010
Address Status:         DELIVERABLE
Main Business Address:  300 WINSTON DR 1605, CLIFFSIDE PARK, NJ,
                        07010
Principal Business      N/A
Address:
```

## ASSOCIATED NAMES

```
Associated Name:        N/A
Type:                   N/A
```

## PRINCIPALS

Following are the most recently reported officers/directors (corporations), managers/members/managing members (LLCs), general partners (LPs), trustees/officers (non-profits).

Title:          PRESIDENT
Name:           MAYDELMAN,ALEXANDRA
Address:        300 WINSTON DR 1605, CLIFFSIDE PARK, , , US

**FILING HISTORY -- CORPORATIONS, LIMITED LIABILITY COMPANIES, LIMITED PARTNERSHIPS AND LIMITED LIABILITY PARTNERSHIPS**

To order copies of any of the filings below, return to the service page, https://www.njportal.com/DOR/businessrecords/Default.aspx and follow the instructions for obtaining copies. Please note that trade names are filed initially with the County Clerk(s) and are not available through this service. Contact the Division for instructions on how to order Trade Mark documents.

Charter Documents for Corporations, LLCs, LPs and LLPs

Original Filing        2016
(Certificate)Date:

Changes and Amendments to the Original Certificate:

| Filing Type | Year Filed |
| --- | --- |
| CHANGE OF REGISTERED OFFICE | 2019 |
| Dissolved Without Assets | 2019 |
| Annual Report Filing with address change | 2019 |
| Annual Report filing with officer/member change | 2019 |

Note:
Copies of some of the charter documents above, particularly those filed before June 1988 and recently filed documents (filed less than 20 work days from the current date), may not be available for online download.

- For older filings, contact the Division for instructions on how to order.
- For recent filings, allow 20 work days from the estimated filing date, revisit the service center at https://www.njportal.com/DOR/businessrecords/Default.aspx periodically, search for the business again and build a current list of its filings. Repeat this procedure until the document shows on the list of documents available for download.

The Division cannot provide information on filing requests that are in process. Only officially filed documents are available for download.



**1 OF 1 RECORD(S)**
# SmartLinx® Comprehensive Business Report

**Report Created:** 11-09-2020 12:00 PM EST | FOR INFORMATIONAL PURPOSES ONLY | Copyright © 2020 LexisNexis, All rights reserved.

**Search Terms -** company(Carvana Motor Corp) radius(15) state(NJ)

| | | | |
|---|---|---|---|
| Executives - Current (0) | Incorporation/SOS (1) | Operations/Sites (1) | Sales (0) |
| Licenses (0) | URLs (0) | Real Property - Current (0) | Real Property - Prior (0) |
| MVRs - Current (0) | MVRs - Prior (0) | Watercraft - Current (0) | Watercraft - Prior (0) |
| Aircraft - Current (0) | Aircraft - Prior (0) | Bankruptcy Filings (0) | Judgments & Liens Filings (0) |
| UCC Filings (0) | Executives - Prior (0) | Registered Agents (1) | Name Variations (1) |
| Possible Employees (0) | Person Associates (0) | Business Associates (0) | TINs (0) |
| Possible Connected Business (0) | Parent Company (0) | Industry Information (0) | |
| View All Sources (1) | | | |

## Business Summary

| Name | Address | Phone |
|---|---|---|
| CARVANA MOTOR CORP | 101 Industrial Ave | |
| (No recent public filings on file) | Hasbrouck Heights, NJ 07604-2896 | |
| | Bergen County | |
| **LexID** | **Established** | **TIN** |
| 1337-1221-6420 | 2016 | |

**At a Glance**

| | | | |
|---|---|---|---|
| **Real Property** | 0 | **UCC Debtor** | 0 |
| **Personal Property** | 0 | **Bankruptcy** | 0 |
| **Secured Assets** | 0 | **Judgments/Liens** | 0 |
| **Executives** | 0 | **Foreclosure/Notice of Default** | 0 |

## Name Variations - 1 name variations found

| NO. | NAME |
|---|---|
| 1 | CARVANA MOTOR CORP |

## TINs - 0 TIN(s) found

**Business Profile**
## Executives: Current - 0 executive(s) found

## Incorporation/SOS (1 active, 0 other)

| NO. | NAME | FILING TYPE | STATUS | FILING DATE | FILING NO. | STATE |
|---|---|---|---|---|---|---|
| 1. | CARVANA MOTOR CORP | CORPORATION-BUSINESS | ACTIVE | 10/25/2016 | 0450114775 | NJ |

*Additional Details*
Business Type: CORPORATION-BUSINESS
Business Status: ACTIVE
For Profit: Yes
Foreign/Domestic: Domestic
Origin: State of NJ

OperatingLocations - Showing 1 location(s)

| NO. | ADDRESS | METRO AREA | PHONE |
|-----|---------|-----------|-------|
| 1. | 101 Industrial Ave<br>Hasbrouck Heights, NJ 07604-2896<br>Bergen County | Bergen-Passaic, NJ | |

Sales - 0 record(s) found

Parent Company - 0 record(s) found

Industry Information - no information found

Licenses - 0 licenses found

URLs - 0 URLs found

Bankruptcy (0 active, 0 closed)

Judgments/Liens (0 filings)

UCC Filings (0 debtor, 0 creditor)

Real Property (0 current, 0 prior)

**Personal Property (0 current, 0 prior)**
Motor Vehicles (Showing 0 of 0)
Watercraft (Showing 0 of 0)
Aircraft (Showing 0 of 0)

**Associates**

Executives: Prior - 0 prior executive(s) found

Registered Agents - 1 registered agent(s) found

| NO. | NAME | ADDRESS | STATE | DATE(S) |
|-----|------|---------|-------|---------|
| 1. | Maydelman, Alexandra | 101 Industrial Ave<br>Hasbrouck Heights, NJ 07604-2896 | New Jersey | 11/11/2016 |

Possible Employees - 0 current, 0 prior employees found

Person Associates - 0 other person associates found

Possible Connected Business - 0 businesses found

Business Associates - 0 business associates found

Sources - 1 record(s) found

All Sources                                    1 Source Documents

Corporate Filings                                    1 Source Documents

Key

⚠ High Risk Indicator. These symbols may prompt you to investigate further.

🗝 Moderate Risk Indicator. These symbols may prompt you to investigate further.

☁ General Information Indicator. These symbols inform you that additional information is provided.

✔ The most recent telephone listing as reported by Electronic Directory Assistance.

Ⓦ Wireless Phone Indicator. These symbols indicate a cell phone number.

Ⓡ Residential Phone Indicator. These symbols indicate a residential phone number.

Ⓑ Business Phone Indicator. These symbols indicate a business phone number.

Ⓢ Shared Phone Indicator. These symbols indicate the phone number may be shared between wireless and landline service.

Ⓕ FAX Indicator. These symbols indicate a FAX number.

Ⓖ Government Phone Indicator. These symbols indicate a government phone number.

**Important:**   The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

**FCRA:**   The data provided to you by use of this product may not be used as a factor in establishing a consumer's eligibility for credit, insurance, employment or other purposes identified under the Fair Credit Reporting Act (FCRA).

Your DPPA Permissible Use: Litigation
Your GLBA Permissible Use: Persons with a Legal or Beneficial Interest Regarding a Consumer

Copyright © 2020 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.